FILED
IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO       FEB 2 5 2003

ALEX BOWEN, JR.,

    Plaintiff,

CLERK

vs.                                                                      CIVIL NO. 02-1214 BB/LFG

THE CITY OF CARLSBAD, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte.*

### I. BACKGROUND

On February 6, 2003, the Clerk of Court sent a letter to the Plaintiff putting him on notice that, unless service was effected upon the defendant within eleven days of the date of the Clerk's letter, the Plaintiff's case would be dismissed without prejudice. The Clerk also indicated that 133 days had elapsed from the filing date of the complaint to the date of the letter, and that Fed.R.Civ.P. 4(m) allows only 120 days within which a complaint is to be served on a defendant. To date, the Court record reflects that the defendant has not been served with the complaint.

### II. ANALYSIS

Fed.R.Civ.P. 4(m) provides in relevant part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant . . . .

Plaintiff was notified after 133 days that his lawsuit would be dismissed unless service was effected within eleven days of the date of the Clerk's notification letter--February 6, 2003.



Today's date is February 21, 2003. Fifteen days have elapsed since the Clerk's notification letter, and the record reflects that the Plaintiff has failed to comply with that letter.

Furthermore, the Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretionary authority of the Court is to dismiss an action for want of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).

Based on the Plaintiff's lack of action in this case, his complaint shall be dismissed without prejudice for want of prosecution.

**WHEREFORE,**

**IT IS ORDERED** that this cause of action be, and hereby is, **DISMISSED** without prejudice.

UNITED STATES DISTRICT JUDGE